UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL PHILLIPS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SECRETARY OF NAVY,<br><br>　　　　　Defendants. | No. 1:16-cv-01944-DAD-SKO<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND<br><br>(Doc. Nos. 25, 29) |

Plaintiff Darryl Phillips, appearing *pro se*, commenced this action against the defendant, the Secretary of the Navy, on December 30, 2016. (Doc. No. 1.) Plaintiff's operative amended complaint, filed April 3, 2017, sets forth the following singular allegation: "Plaintiff was unjustly held against his will on or about 3 July 2008 to 20 June 2010 at the United States Disciplinary Barracks, Fort Leavenworth, KS to which the plaintiff was harmed." (Doc. No. 10 at 5.)

This matter is now before the court on defendant's motion to dismiss the amended complaint for failure to state a claim. (*See* Doc. No. 25.) Plaintiff did not file an opposition to that motion. However, on August 11, 2017, plaintiff filed a motion seeking leave to file a second amended complaint. Therein, plaintiff notes he is seeking the assistance of counsel in connection with this action. (Doc. No. 29.) A hearing on defendant's motion to dismiss was held on August 15, 2017. Assistant United States Attorney Joseph Frueh appeared on behalf of the defendant. Plaintiff Phillips did not appear. For the reasons stated below, the court will grant the

1

defendant's motion to dismiss with leave to amend.

**LEGAL STANDARD**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiffs' complaint necessarily

relies on them, and matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

**DISCUSSION**

Plaintiff's lone vague and conclusory statement regarding his allegedly unjust detention fails to support a plausible inference of wrongdoing. Most notably, plaintiff has not articulated what right he thinks has been violated, and the circumstances giving rise to his detention are unclear. For example, plaintiff has not alleged facts concerning the events leading up to his detention, who made the decision to detain him at the disciplinary barracks, or how such a decision was made.[1] Accordingly, plaintiff's amended complaint simply contains the type of "the defendant-unlawfully-harmed-me accusation" insufficient to put defendant on notice of the nature of the alleged misconduct under Rule 8. *See Iqbal*, 556 U.S. at 678

The court has carefully considered whether plaintiff may further amend his complaint to state a claim upon which relief may be granted. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." *California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988); *see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). At this early stage of the litigation, the court cannot conclude with certainty that amendment would be futile even though it would appear that is likely the case. Accordingly, plaintiff Phillips will be granted an opportunity to file a second amended complaint.[2]

/////

/////

/////

---

[1] Nor has plaintiff articulated a basis for how venue could be proper in this district with respect to an alleged detention which took place in Kansas.

[2] In light of plaintiff Phillips' payment of the full $400.00 filing fee to commence this action, at this time the court declines defendant's alternative suggestion to dismiss the action without prejudice to the filing of a new action.

**CONCLUSION**

For the reasons set forth above,

1. Defendant's motion to dismiss the amended complaint (Doc. No. 25) is granted;
2. Plaintiff's amended complaint is dismissed with leave to amend;[3]
3. If he wishes to pursue this action, plaintiff shall file a second amended complaint within thirty (30) days of the date of this order;
4. Any failure to file a second amended complaint within the time provided will likely result in the dismissal of this action.

IT IS SO ORDERED.

Dated: **August 24, 2017**

UNITED STATES DISTRICT JUDGE

---

[3] Accordingly, plaintiff's motion for leave to file an amended complaint (Doc. No. 29) is denied as having been rendered moot by this order.