# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL PHILLIPS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RICHARD V. SPENCER, Secretary of the Navy, et al.,<br><br>　　　　Defendants. | Case No. 1:16-cv-01944-DAD-SKO<br><br>**ORDER GRANTING EX PARTE APPLICATION TO CONTINUE THE SECRETARY OF THE ARMY'S INITIAL RESPONSE TO THE THIRD AMENDED COMPLAINT**<br><br>(Doc. 70) |

## I.　　BACKGROUND

On February 23, 2018, Plaintiff Darryl Phillips filed his Third Amended Complaint, the operative pleading, against Defendants Richard V. Spencer, Secretary of the Navy ("Secretary of the Navy"), and Mark Esper, Secretary of the Army ("Secretary of the Army") (collectively "Defendants"). (Doc. 58.) In his Third Amended Complaint, Plaintiff alleges that the calculation of his release date from confinement at the U.S. Disciplinary Barracks at Fort Leavenworth, Kansas, following a court-martial conviction violated the Ex Post Facto Clause, U.S. Const. art. I, § 9, cl. 3, and seeks an order directing Defendants to recalculate his sentence pursuant to the Administrative Procedure Act, 5 U.S.C. § 702. (*See id.*)

Defendant Secretary of the Navy filed a motion to dismiss the Third Amended Complaint on March 20, 2018. (Doc. 59.) In its filing, Defendant Secretary of the Navy noted that Plaintiff

failed to serve properly the Secretary of the Army. (*See* Doc. 59-1 at 5.) On March 28, 2018, Plaintiff effected service of process on Defendant Secretary of the Army. (*See* Docs. 61–63.) Defendant Secretary of the Army's deadline to respond to the Third Amended Complaint is May 31, 2018. *See* Fed. R. Civ. P. 12(a)(2).

On April 27, 2018, Plaintiff's attorney of record filed a motion to withdraw from representing Plaintiff in this matter, which is set for hearing on May 30, 2018. (Docs. 66, 67.) In view of the motion to withdraw, the parties requested, and the Court granted, a continuance of the hearing on Defendant Secretary of the Navy's motion to dismiss to August 7, 2018. (Docs. 60, 64.)

On May 18, 2018, Defendant Secretary of the Army filed an "Ex Parte Application to Continue the Secretary of the Army's Initial Response to the Third Amended Complaint," seeking to extend the deadline for him to respond to the Third Amended Complaint until 30 days after the Court rules on the pending motion to dismiss filed by Defendant Secretary of the Navy. (Doc. 70.)

The Court ordered the parties to file their oppositions or statements of non-opposition to the request by 2:00 p.m. on May 24, 2018. (Doc. 71.) No oppositions having been filed (*see* Docket), Defendant Secretary of the Army's Ex Parte Application is therefore deemed unopposed. After having reviewed the papers and supporting material, the matter is deemed suitable for decision without oral argument pursuant to Local Rule 230(g), and the Court hereby DECLINES to set a hearing.

For the following reasons, Defendant Secretary of the Army's unopposed "Ex Parte Application to Continue the Secretary of the Army's Initial Response to the Third Amended Complaint" shall be granted.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 6(b), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time." Similarly, under Rule 144(c) of the Local Rules of the United States District Court, Eastern District of California, "[t]he Court may, in its discretion, grant an initial extension" of time "ex parte upon the affidavit of counsel

that a stipulation extending time cannot reasonably be obtained, explaining the reasons why such a stipulation cannot be obtained and the reasons why the extension is necessary."

Counsel for Defendant Secretary of the Army has submitted a declaration stating that he a sought a stipulation extending time both from Plaintiff's attorney of record, and in recognition of the pending motion to withdraw, from Plaintiff directly. (Doc. 70-1, Declaration of Joseph B. Frueh ¶¶ 2–4 and Exs. 1–3.) Although both Plaintiff's attorney and Plaintiff initially agreed to the extension, Plaintiff refused to sign a stipulation to that effect.[1] (*See id.*)

Defendant Secretary of the Army requests that the deadline to respond to Plaintiff's Third Amended Complaint be extended to allow time for the Court to rule on the pending motion to dismiss filed by Defendant Secretary of the Navy. (*See* Doc. 70 at 6.) It is Defendant Secretary of the Army's view, and the Court agrees, that the ruling on the pending motion to dismiss may be dispositive of Plaintiff's claims against Defendant Secretary of the Army. (*See* Doc. 59 (moving to dismiss Plaintiff's claims, brought against both Defendants, on grounds of, *inter alia*, failure to present a justiciable case or controversy, res judicata, statute of limitations).) Even if not dispositive, awaiting a ruling on the motion to dismiss would allow the Defendant Secretary of the Army to respond to the Third Amended Complaint in a more efficient manner, thereby conserving judicial resources. Accordingly, in the absence of any undue prejudice to Plaintiff, as evidenced by him not having filed an opposition to the Ex Parte Application, the Court finds that Defendant Secretary of the Army has established good cause to grant an initial extension of his responsive pleading deadline. *See* Fed. R. Civ. P. 6(b); E.D. Cal. L.R. 144(c).

### III. ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendant Secretary of the Army's unopposed "Ex Parte Application to Continue the Secretary of the Army's Initial Response to the Third Amended Complaint" (Doc. 70) is GRANTED; and

2. Defendant Secretary of the Army shall file his response to Plaintiff's Third

---

[1] The Court notes that, notwithstanding the pending motion to withdraw, Plaintiff is still represented by his attorney of record. Represented parties cannot appear or act on their own behalf in a case. Thus, even if Plaintiff had agreed to sign the stipulation, it would have been ineffective to extend Defendant's responsive pleading deadline.

Amended Complaint no later than thirty (30) days after the Court's ruling on Defendant Secretary of the Navy's motion to dismiss (Doc. 59).

IT IS SO ORDERED.

Dated: **May 29, 2018**  /s/ _Sheila K. Oberto_
UNITED STATES MAGISTRATE JUDGE