| | |
|---|---|
| DARRYL S. PHILLIPS,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD V. SPENCER, Secretary of the Navy, et al.,<br><br>Defendants. | No. 1:16-cv-01944-DAD-SKO<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME AND DENYING PLAINTIFF'S MOTION FOR SANCTIONS<br><br>(Doc. Nos. 75, 76) |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

On May 30, 2018, the court granted attorney M. René Huff's motion to withdraw as plaintiff's counsel. (Doc. No. 74.) The court further ordered that plaintiff Darryl Phillips advise the court by June 15, 2018 whether he has retained new counsel, requires additional time to retain new counsel, or whether he will proceed in this action *pro se*, and whether he requires additional time to file his opposition to defendants' pending motion to dismiss. (*Id.*)

On June 15, 2018, pursuant to the court's order, plaintiff filed a motion for extension of time, indicating that he intends to represent himself in this action. (Doc. No. 75.) Finding good cause, the court will grant plaintiff's motion for extension of time to file an opposition to the pending motion to dismiss. The hearing on the motion to dismiss is currently scheduled for August 7, 2018. (Doc. No. 64.) Pursuant to Local Rule 230, plaintiff's opposition to the motion to dismiss will be due by **July 24, 2018**, and any reply in support of the motion to dismiss will be due by **July 31, 2018**.

1

On June 15, 2018, plaintiff also filed a motion seeking the imposition of sanctions against his former counsel, based on plaintiff's contention that attorney Huff failed to comply with the court's May 30, 2018 order. (Doc. No. 76.) Plaintiff claims that attorney Huff did not have a staff member return his case file to plaintiff, but instead left the file on a desk in an "Open Work Space Office Area," and that attorney Huff was not present when plaintiff retrieved his file. (*Id.* at 1–2.) Plaintiff further alleges that the file he retrieved was not his complete client file, but only "contained most of the documents." (*Id.* at 2.)

Plaintiff, as the moving party, has failed to establish any of the elements for civil contempt.[1] The court ordered attorney Huff to make plaintiff's file "available for plaintiff to pick up at counsel's office immediately following the hearing and thereafter." (Doc. No. 74.) The court did not order Huff to be personally present at the time the file was picked-up by plaintiff, nor did the court order the specific manner in which the client's file was to be returned. Plaintiff has also failed to provide any evidence, much less clear and convincing evidence, suggesting that the client file he received was not the complete file.[2] Plaintiff's motion for sanctions will therefore be denied.

/////

---

[1] Civil contempt "consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). One should not be held in contempt if his action "appears to be based on a good faith and reasonable interpretation of the [court's order]." *Id.* (quoting *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 889 (9th Cir. 1982)). Substantial compliance with the court order is a defense to civil contempt. Id. The moving party must establish that: (1) that the alleged contemnor violated the court order; (2) beyond substantial compliance; (3) not based on a good faith and reasonable interpretation of the order; and (4) by clear and convincing evidence. *Id.*; *United States v. Bright*, 596 F.3d 683, 694 (9th Cir. 2010) (citation omitted). If such a showing is made, the burden then shifts to the alleged contemnor to demonstrate why he was unable to comply with the order. *FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999).

[2] In support of his motion for the imposition of sanctions, plaintiff submitted photographs of the documents contained within the file he received from attorney Huff's office. It appears that at least some of the attached documents constitute attorney work product. There is no indication that their submission by plaintiff was intended as a waiver of the attorney work product protection. The court has therefore directed the Clerk of the Court not to file the attached documents on the public docket, and will direct the Clerk of the Court to return them by mail to plaintiff at his address of record.

Accordingly:

1. Plaintiff's motion for extension of time (Doc. No. 75) is granted;
2. Plaintiff's opposition to the motion to dismiss must now be filed and served by July 24, 2018;
3. Any reply by defendants in support of the pending motion to dismiss is due by July 31, 2018;
4. Plaintiff's motion for sanctions (Doc. No. 76) is denied; and
5. The Clerk of the Court is directed to return to plaintiff the attachments submitted in support of plaintiff's motion for sanctions.

IT IS SO ORDERED.

Dated: **June 20, 2018**

*/s/ Dale A. Drozd*
UNITED STATES DISTRICT JUDGE