UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL S. PHILLIPS,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD V. SPENCER, Secretary of the Navy, et al.,<br><br>Defendants. | No. 1:16-cv-01944-DAD-SKO<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>(Doc. Nos. 59, 81) |

This matter is before the court on defendant's motion to dismiss plaintiff's third amended complaint. (Doc. No. 59.) A hearing on the motion was held on August 21, 2018. (Doc. No. 84.) Plaintiff Darryl Phillips appeared on his own behalf, and Assistant United States Attorney Joseph Frueh appeared on behalf of defendant Secretary of the Navy. The court has considered the parties' briefs and oral arguments, and for the reasons set forth below, will grant defendant's motion to dismiss with prejudice.

**BACKGROUND**

This case arises from the court-martial conviction of plaintiff and his confinement at the U.S. Disciplinary Barracks at Fort Leavenworth, Kansas. Plaintiff was released from confinement on June 22, 2010—more than eight years ago—but contends in this action that the

/////

/////

Navy and/or Army[1] failed to appropriately credit good conduct time and earned time against his sentence. Good conduct time is "a credit against a sentence for good conduct," while earned time is "a credit against a sentence for approved employment or other assignments." (Doc. No. 59-1 at 1.)

Plaintiff served 21 years in the United States Navy and Marine Corps, attaining the rank of major. (Doc. No. 52 (hereinafter "SAC") at ¶ 6.)[2] On August 23, 2002, a military court convicted plaintiff of violations of the Uniform Code of Military Justice, including theft of government property, obtaining credit card processing services by false pretenses, obstruction of justice, conduct unbecoming an officer, and related offenses. (*Id.* at ¶¶ 8–9.) Plaintiff was sentenced to a reprimand, confinement for five years, a fine of $400,000 (later reduced to $200,000), and was subject to a fine enforcement provision requiring an additional five years of confinement if plaintiff did not make a good faith effort to pay the fine. (*Id.* at ¶ 10.) At a fine enforcement hearing in June 2005, the hearing officer determined that plaintiff had not made a good faith effort to pay the $200,000 fine. (*Id.* at ¶ 12.) As a result, plaintiff's sentence of confinement was increased by an additional five years. (*Id.*) At the fine enforcement hearing, plaintiff was informed that he would be eligible for up to 1200 days of good conduct time on his additional five-year sentence. (*Id.* at ¶ 13.)

Attached to plaintiff's operative third amended complaint are exhibits that plaintiff contends establish his eligibility for good conduct time credit, including a memorandum by the Staff Judge Advocate dated June 22, 2005. (Doc. No. 58 (hereinafter "TAC") at 9.) This memorandum concluded that plaintiff's maximum release date was August 22, 2012, and that plaintiff's minimum release date, based on his five-year sentence of confinement plus an

---

[1] Plaintiff's third amended complaint names Secretary of the Army Mark Esper as a defendant, but there is no indication on the court's docket that plaintiff effected service of process on Secretary Esper.

[2] This court's Local Rule 220 require that any amended pleading must be "complete in itself without reference to the prior or superseded pleading." Nonetheless, in light of his current *pro se* status, this order refers back to plaintiff's second amended complaint when necessary to provide some of the background context, much of which was omitted from plaintiff's operative third amended complaint.

additional five years for failure to pay the fine, minus 217 days of pretrial credit, minus 1200 days of earnable good conduct time, minus 94 days of earned time, was July 3, 2008. (*Id.*) Plaintiff also attached his written request dated September 11, 2005, inquiring about his good conduct time earning rate per month. (*Id.* at 12.) Plaintiff received a written response which stated, "10 days per month for a total of 1200 days of earnable days." (*Id.*)

Plaintiff alleges, however, that he was subsequently transferred from the Navy's prison to the Army's Leavenworth facility. (*Id.* at ¶ 13.) At Leavenworth, plaintiff's sentence became subject to Army Regulation 633-30 para. 6d, which provides that "[t]he period of confinement imposed solely for nonpayment of a fine will not be reduced by credit for good conduct time or extra good time." (*Id.* at ¶¶ 13–14.) Plaintiff asserts that because he was denied good conduct time and earned time, he was not released from confinement until June 22, 2010. (SAC at ¶ 18.) Plaintiff contends that there is no reasoned explanation why defendant did not apply the "correct" sentence, and urges this court to "remand this matter for proper calculation of Mr. Phillips' prison sentence." (TAC at ¶¶ 17, 20.)

Plaintiff's TAC alleges one cause of action under "*Ex Post Facto* & the APA," and another cause of action asserting that equitable tolling should apply to excuse plaintiff's filing of this action three days after expiration of the applicable statute of limitations. (*Id.* at ¶¶ 23–34.) Plaintiff prays that judgment be entered in his favor on both causes of action, that "Defendants be ordered to correct the improperly calculated sentence based on the *Ex Post Facto* Clause," and that the court grant such other relief as it deems just and equitable. (*Id.* at 6.)

This matter is now before the court on defendant's March 20, 2018 motion to dismiss the TAC. (Doc. No. 59.) On April 10, 2018, the court granted the parties' stipulation to continue the hearing on the motion, and set deadlines for the filing of plaintiff's then-counsel's anticipated motion to withdraw, plaintiff's opposition to the motion to dismiss, and any reply in support of defendant's motion to dismiss. (Doc. No. 64.) Plaintiff's then-counsel filed a motion to withdraw as attorney on April 27, 2018, which the court granted. (Doc. Nos. 66, 74.) The court thereafter granted plaintiff multiple extensions of time to file his opposition to the pending motion to dismiss. (*See* Doc. Nos. 75, 79.) Plaintiff filed oppositions on August 6 and August 13, 2018,

and defendant filed its reply on August 14, 2018. (Doc. Nos. 80, 81, 82.) Although further briefing was not authorized by the court, following the August 21, 2018 hearing on the present motion, plaintiff filed supplemental oppositions to the motion to dismiss, to which defendant objected. (Doc. Nos. 85, 86, 87, 88.)

**LEGAL STANDARD**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). A dismissal may be warranted where there is "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In evaluating whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court will not assume the truth of legal conclusions cast in the form of factual allegations. *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 676. A complaint must do more than allege mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

In ruling on such a motion, the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint, if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

**DISCUSSION**

Defendant argues that plaintiff's TAC must be dismissed because: (1) plaintiff's challenge to the calculation of his release date following his court-martial conviction does not present a justiciable case or controversy; (2) plaintiff's challenge to the calculation of his release date is barred by *res judicata*; (3) to the extent that plaintiff challenges the Board for Correction of Naval Records' clemency decision, plaintiff's claim is time-barred, not subject to equitable tolling, and fails as a matter of law; and (4) plaintiff has failed to allege a plausible violation of the *Ex Post Facto* Clause. (Doc. No. 59-1 at 13–19.) The court will consider each of these arguments in turn.

**A.    Whether Plaintiff's Challenge to the Calculation of His Release Date Presents a Justiciable Case or Controversy**

Defendant first argues that plaintiff's challenge to the calculation of his release date following his court-martial conviction fails to present a justiciable case or controversy. Defendant notes that plaintiff was released from confinement eight years ago, and does not allege any ongoing collateral consequences arising from the calculation of his release date or the recorded duration of his confinement. (*Id.* at 13.) According to defendant, "[a]lthough unlawful confinement may inflict a concrete and personal injury, such injury is not redressed by revising Plaintiff's military records to reflect a period of confinement shorter than the one he actually served." (*Id.*)

The question here is thus whether plaintiff's challenge to the calculation of his release date is moot because it no longer presents a case or controversy under Article III, § 2 of the Constitution. The case or controversy requirement dictates that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *see also Protectmarriage.com–Yes on 8 v. Bowen*, 752 F.3d 827, 834 (9th Cir. 2014).

Here, it is not clear what concrete injury plaintiff claims to continue to suffer, and it is not apparent from the allegations of the TAC how a correction to his military records—to reflect a

term of confinement approximately two years less than that which he actually served—would redress any such injury. In the habeas context, the Supreme Court has held that upon the expiration of a petitioner's sentence, "some concrete and continuing injury other than the now-ended incarceration," that is, some "collateral consequence" of the conviction, must exist to maintain the habeas action. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *see also United States v. King*, 891 F.3d 868, 870 (9th Cir. 2018); *Penland v. Mabus*, 643 F. Supp. 2d 14, 20 (D.D.C. 2009) ("[H]abeas relief is not available once the serviceman [convicted in a general court-martial] is no longer imprisoned and has been discharged from service."). In contrast, a challenge to the validity of a conviction always satisfies the case-or-controversy requirement, "because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." *Spencer*, 523 U.S. at 8. However, plaintiff has clearly stated in his TAC that he "does not contest the underlying facts that warranted his conviction[,] [n]or, does he ask this Court to reexamine the conviction." (TAC at ¶ 6.)

To the extent plaintiff seeks only to modify his military records to reflect a shorter sentence of confinement than what he actually served, this case would appear to be moot. *See Lane v. Williams*, 455 U.S. 624, 631 (1982) ("Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot."); *North Carolina v. Rice*, 404 U.S. 244, 248 (1971) ("Nullification of a conviction may have important benefits for a defendant . . . but urging in a habeas corpus proceeding the correction of a sentence already served is another matter."); *Hernandez v. Wainwright*, 796 F.2d 389 390 (11th Cir. 1986) (holding that the district court properly dismissed as moot a state prisoner's § 2254 petition that alleged prison officials had miscalculated petitioner's gain time credits, where petitioner was no longer in custody and only attacked length of confinement); *Renteria v. Gilkey*, No. 05-1572, 2006 WL 2492663, at *2 (E.D. Cal. Aug. 28, 2006) ("[O]nce the petitioner is released from incarceration, the Court cannot restore any good time credits a prisoner may have lost or undo any other administrative punishments he may have suffered. . . . Therefore, the instant petition is moot and must be dismissed.") (citing *Nonette v. Small*, 316 F.3d

872, 875–76 (9th Cir. 2002)). As noted above, there is a narrow exception when one released, not subject to parole or probation, can demonstrate that he is subject to "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction." *Spencer*, 523 U.S. at 7. Moreover, the petitioner bears the burden of alleging and demonstrating any such collateral consequences. *Id.*

Here, plaintiff has not alleged any collateral consequences stemming from the calculation of the length of his confinement. In his opposition to the pending motion to dismiss, plaintiff provides only the following vague assertions:

> Plaintiff demands relief for be[ing] harmed by such unauthorized continual imprisonment, incarceration and or detention. Plaintiff demands relief of specific performance by appropriate authorities to remedy such unauthorized actions [in] violation of Plaintiff[']s constitutional rights and which is in the powers to be determined by the Court at trial.

(Doc. No. 80 at 2.) To the extent that plaintiff seeks only the correction of his Naval records and no other redress, he has failed to present an injury-in-fact redressable by the requested relief.[3]

**B.  Whether Plaintiff's Challenge to the Calculation of His Release Date Is Barred By the *Res Judicata* Doctrine**

Even if plaintiff could present a justiciable case or controversy, defendant next argues that plaintiff's challenge to the calculation of his release date is barred by *res judicata*, because plaintiff previously argued the same claim in the Navy-Marine Corps Court of Criminal Appeals, where it was rejected on the merits. (Doc. No. 59-1 at 14.)

The doctrine of *res judicata* governs "[t]he preclusive effects of former litigation." *Hiser v. Franklin*, 94 F.3d 1287, 1290 (9th Cir. 1996) (citing *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984)). "Res judicata applies when 'the earlier suit . . . (1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits,

---

[3] Indeed, the APA does not authorize this court to order the military to modify its records. *See* 5 U.S.C. § 706(2) (authorizing federal courts only to "hold unlawful and set aside" unlawful agency action); *Vt. Yankee Nuclear Power Corp. v. Natural Res. Def. Council*, 435 U.S. 519, 549 (1978) (instructing that the appropriate remedy for a violation of the APA is limited to remanding the matter back to the agency for "further consideration").

and (3) involved identical parties or privies.'" *Mpoyo v. Litton ElectroOptical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (quoting *Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir. 2002)); *see also California v. IntelliGender, LLC*, 771 F.3d 1169, 1176 (9th Cir. 2014).

Moreover, "[t]he valid, final judgments of military courts, like those of any court of competent jurisdiction not subject to direct review for errors of fact or law, have *res judicata* effect and preclude further litigation of the merits." *Schlesinger v. Councilman*, 420 U.S. 738, 746 (1975); *see also* 10 U.S.C. § 876 (providing that the "sentences of courts-martial as approved, reviewed, or affirmed as required by this chapter . . . are final and conclusive"). A military court's decision is subject to collateral attack only where that court lacked jurisdiction or was subject to "some other equally fundamental defect." *Schlesinger*, 420 U.S. at 746–47; *see also Piersall v. Winter,* 435 F.3d 319, 324 (D.C. Cir. 2006) ("With the exception of a collateral attack challenging the validity of a judgment for lack of jurisdiction or some other equally fundamental defect, review by a civil court of a judgment issued by a military court is barred.") (internal citation and quotation marks omitted); *Gibbs v. Thomas*, No. 1:07-cv-01563-SKO-HC, 2010 WL 4806905, at *5 (E.D. Cal. Nov. 18, 2010) ("[C]ollateral relief from a judgment of a court-martial may be sought where the judgment is void or without res judicata effect because of a lack of jurisdiction or other equally fundamental defect.") (internal citation and quotation marks omitted).

Defendant has submitted, and asks that this court take judicial notice of, the Navy-Marine Corps Court of Criminal Appeals decision denying plaintiff's challenge to the calculation of his release date. (*See* Doc. No. 59-2 at ¶ 2; Doc. No. 59-3.)

Ordinarily, the court considers only the complaint and attached documents in deciding a motion to dismiss; however, the court may also take judicial notice of matters of public record without converting the motion into a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Pursuant to the Federal Rule of Evidence 201(b), a court may "judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Public records are properly the subject of judicial notice because the contents of such

documents contain facts that are not subject to reasonable dispute, and the facts therein "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.*; *see also Intri-Plex Techs. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007). Among other things, a court may take judicial notice of the existence of another court's opinion, but not of the truth of the facts recited therein. *See Lee*, 250 F.3d at 690. Thus, in considering the present motion to dismiss, the court will consider the record created by the military courts, but not of the truth of the facts recited therein. *See United States ex rel. New v. Rumsfeld*, 350 F. Supp. 2d 80, 89 (D.D.C. 2004) (taking judicial notice of military court records), *aff'd*, 448 F.3d 403 (D.C. Cir. 2006).

Twice in 2005 and again in 2008, plaintiff challenged the calculation of his release date by filing a petition for extraordinary relief with the Navy-Marine Corps Court of Criminal Appeals. (Doc. No. 59-3.) In these prior challenges, plaintiff contended that Army officials failed to comply with Secretary of the Navy Instruction ("SECNAVINST") 1640.9B when he was not credited with good conduct time or earned time against his sentence. (*Id.* at 4.) In an order dated October 15, 2008, the Navy-Marine Corps Court of Criminal Appeals denied the petition on the merits, citing SECNAVINST 1640.9C, Article 2101, paragraph 5, which provides that prisoners serving post-trial confinement at other military confinement facilities are subject to the rules and regulations governing the facility in which they are confined. (*Id.*)[4] The court concluded that because plaintiff was confined at an Army facility, Army regulations applied to his sentence, including Army Regulation 633-30, which provides that "confinement imposed solely for nonpayment of a fine will not be reduced by credit for [good conduct time] or [earned time]." (*Id.*)

It is apparent from the record before this court that plaintiff and the United States military were parties to these prior proceedings, which arose from the same "transactional nucleus of facts" as the instant case. *Stratosphere Litig. LLC v. Grand Casinos, Inc.*, 298 F.3d 1137, 1143 n.3 (9th Cir. 2002) (internal citation omitted). Plaintiff has not shown that the military court

---

[4] In that order the court indicated that in response to both of his 2005 petitions, it had rejected plaintiff's arguments as being without merit. (Doc. No. 59-3 at 2.)

lacked jurisdiction or was subject to "some other equally fundamental defect." *Schlesinger*, 420 U.S. at 746–47. In his opposition to the pending motion to dismiss plaintiff argues only in conclusory fashion that his challenge is not foreclosed by *res judicata* because "the military did not follow their rules of the Uniform Code of Military Justice to come to a just and legal final ruling." (Doc. No. 80 at 3.) Plaintiff has failed to identify the rules that were allegedly violated or explain why the decision of the Navy-Marine Corps Court of Criminal Appeals is not entitled to preclusive effect. Plaintiff otherwise cannot seek review of this military court decision under the APA. *See* 5 U.S.C. § 701(b)(1)(F) (excluding decisions of military courts from the scope of judicial review); *see also Roelofs v. Sec'y of Air Force*, 628 F.2d 594, 599 (D.C. Cir. 1980) ("[T]he APA specifically excludes from its scope actions of courts martial and military commissions."). The court therefore finds that a challenge to the calculation of plaintiff's release date based on good conduct time is barred by *res judicata*.

**C.     To the Extent that Plaintiff Challenges BCNR's Clemency Decision, Whether Such Challenge Is Time-Barred**

The second cause of action presented in plaintiff's TAC refers to a Board for Correction of Naval Records ("BCNR") decision issued on December 27, 2010, and a six-year statute of limitations that "runs from the date of the Board's denial."[5] (*See* TAC at ¶¶ 29–30.) The BCNR is composed of civilians appointed by the Secretary of the Navy and has the power to correct a military record to remedy an error or remove an injustice. 10 U.S.C. § 1552(a)(1); *Chappell v. Wallace*, 462 U.S. 296, 303 (1983). With respect to court-martial records, the BCNR's authority is limited to "correction of a record to reflect actions taken by reviewing authorities under [the Uniform Code of Military Justice]" or "action on the sentence of a court-martial for purposes of clemency." 10 U.S.C. § 1552(f). "Board decisions are subject to judicial review and can be set aside if they are arbitrary, capricious or not based on substantial evidence." *Chappell*, 462 U.S. at 303; *see also Sanders v. United States*, 594 F.2d 804, 811 (Ct. Cl. 1979) ("Once a plaintiff has sought relief from the Correction Board, such plaintiff is bound by that board's determination

---

[5] The TAC misidentifies the date of this decision as December 27, 2016. (*See* TAC at ¶ 29.)

unless he can meet the difficult standard of proof that the Correction Board's decision was illegal because it was arbitrary, or capricious."); *Guerrero v. Stone*, 970 F.2d 626, 628 (9th Cir. 1992) (concluding that boards for correction of military records are "agencies" within the meaning of the APA, and decisions therefrom are subject to judicial review for arbitrariness or capriciousness).

In his second cause of action plaintiff appears to concede that, pursuant to 28 U.S.C. § 2401(a), the statute of limitations has elapsed for him to seek review of the BCNR's decision. (*See* TAC at ¶¶ 29–34.) Nonetheless, plaintiff requests that his "three (3) day statutory delay should not circumvent his protections under the United States Constitution," and that "[c]onsidering [plaintiff's] PTSD and *pro se* status . . . combined with the complex legal terrain he had to navigate," the court should toll the applicable statute of limitations. (*Id.* at ¶¶ 31, 34.) The TAC otherwise contains no factual allegations regarding the BCNR's decision, such as when plaintiff submitted an application to BCNR or what plaintiff sought; it contains no factual allegations as to what the BCNR held except an oblique reference to the "Board's denial." (*See id.* at ¶ 30.) It is therefore unclear whether plaintiff in fact seeks review of the BCNR decision by this court, and if so, what specific aspects of the BCNR decision plaintiff seeks to challenge.

In support of the pending motion to dismiss, defendant lodged a copy of plaintiff's administrative record, including the December 27, 2010 decision by the BCNR denying plaintiff's clemency request. A court may—as previously indicated—consider documents not attached to a complaint "if the documents' 'authenticity . . . is not contested' and 'the plaintiff's complaint necessarily relies' on them." *Lee*, 250 F.3d at 688 (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 705–06 (9th Cir. 1998)). Because the December 27, 2010 decision by the BCNR is expressly referenced in plaintiff's TAC, the court will consider it here. *See United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (holding courts may consider evidence not attached to a complaint if the complaint "refers to the document" and "the document is central to the plaintiff's claim").

The BCNR denied plaintiff's clemency request on December 27, 2010. Plaintiff did not, however, initiate this lawsuit until December 30, 2016. (Doc. No. 1.) Claims asserted under the

APA are subject to a six-year statute of limitations. 28 U.S.C. § 2401(a) (providing that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues"). Because plaintiff's original complaint in this action was filed three days after the applicable statute of limitations had expired, the court concludes that a challenge to the BCNR's clemency decision is time-barred.

Though in his TAC plaintiff alleges that he should be entitled to equitable tolling of the statute of limitations, plaintiff fails to allege facts establishing that such equitable tolling is warranted here. A litigant seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Okafor v. United States*, 846 F.3d 337, 340 (9th Cir. 2017). Plaintiff argues that the emotional trauma and stigma associated with his less than honorable discharge, resulting post-traumatic stress, and inability to retain legal assistance in this matter caused his delay in bringing the present action. (TAC at ¶¶ 18–19.) These arguments fail, however, in light of plaintiff's failure to present specific allegations that, if proven, would establish his diligent pursuit of his rights or extraordinary obstacles that stood in his way in doing so. *See Bills v. Clark*, 628 F.3d 1092, 1099–1100 (9th Cir. 2010) (holding that to qualify for equitable tolling, a litigant's mental or emotional impairment must be so severe that it prevented the litigant from "understanding the need to file, effectuating a filing on his own, or finding and utilizing assistance to file"); *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding in the habeas context that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling").

**D.      Whether Plaintiff Presents a Plausible Violation of the *Ex Post Facto* Clause**

Even if plaintiff's operative complaint did not suffer from the threshold defects as explained above, defendant argues that plaintiff has failed to present a plausible violation of the *Ex Post Facto* Clause, which is the gravamen of plaintiff's complaint. (Doc. No. 59-1 at 18–19.)

As the Supreme Court has explained, "[t]o fall within the *ex post facto* prohibition, a law must be retrospective—that is, 'it must apply to events occurring before its enactment'—and it 'must disadvantage the offender affected by it' by altering the definition of criminal conduct or

increasing the punishment for the crime." *Lynce v. Mathis*, 519 U.S. 433, 441 (internal citation omitted). Defendant argues that here, plaintiff's release date was calculated pursuant to the existing regulations of the Departments of Defense, Navy, and Army, and that plaintiff has failed to allege that these regulations were different or less onerous than those that existed when he committed his underlying offenses. (Doc. No. 59-1 at 18.)

In opposition, plaintiff relies on the decision in *United States v. Orzechowski*, 65 M.J. 538 (N-M Ct. Crim. App. 2006), in which the Navy-Marine Corps Court of Criminal Appeals ruled that the application of a Navy regulation promulgating new, less generous good conduct time credits to prisoner's post-hearing confinement violated the *Ex Post Facto* Clause. The facts in *Orzechowski*, however, are readily distinguishable from those presented here: there, Orzechowski was convicted in a general court-martial in 2001. *Id.* at 538. SECNAVINST 1640.9C was promulgated on January 3, 2006, which provided new good conduct time rules and would have increased Orzechowski's time in confinement. *Id.* at 539. The court held that "all pertinent events took place prior to the promulgation of SECNAVINST 1640.9C," and therefore, SECNAVINST 1640.9C could not be applied to Orzechowski's case. *Id.* at 541. In contrast, here, the regulations of which plaintiff complains were in effect before plaintiff committed his offense and before plaintiff's conviction and the imposition of the sentence of confinement. Plaintiff's reliance on *Orzechowski* is therefore misplaced and does not make his *Ex Post Facto* Clause claim cognizable.

**E.     Leave to Amend**

The undersigned has considered whether plaintiff should be granted further leave to amend his complaint. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." *California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988); *see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend should be freely given, the court does not have to allow futile amendments). This case has now been pending before this

/////

/////

court for two years and has cycled through four complaints.[6] In the court's view, plaintiff would be unable to cure each of the deficiencies noted in this order. Accordingly, the court concludes that further leave to amend in this regard would be futile. The court therefore will dismiss this action with prejudice.

## CONCLUSION

In conclusion, plaintiff's TAC fails to present a justiciable case or controversy and is barred by *res judicata*. To the extent that plaintiff challenges the BCNR's denial of his clemency application, his challenge is time-barred and plaintiff has failed to allege facts that would entitle him to equitable tolling of the statute of limitations. Notwithstanding these threshold defects, the TAC fails to state a cognizable claim for violation of the *Ex Post Facto* Clause.

For the reasons set forth above:

1. Defendants' motion to dismiss (Doc. No. 59) is granted in its entirety;
2. Plaintiff's "motion to deny defendant's motion to dismiss" (Doc. No. 81) is denied;
3. Plaintiff's third amended complaint (Doc. No. 58) is dismissed with prejudice; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **December 11, 2018**

_____
UNITED STATES DISTRICT JUDGE

---

[6] Plaintiff was proceeding *pro se* when he first filed this action and his original complaint was dismissed with leave to amend. Counsel then substituted in on plaintiff's behalf and filed both the second and third amended complaints. On May 30, 2018, the court granted counsel's motion to withdraw and since that time plaintiff has again been proceeding *pro se* in this action.

14