UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL S. PHILLIPS,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD V. SPENCER, Secretary of the Navy, et al.,<br><br>Defendants. | No. 1:16-cv-01944-DAD-SKO<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 91) |

This matter is before the court on plaintiff's motion for reconsideration. (Doc. No. 91.) For the reasons that follow, plaintiff's motion will be denied.[1]

The factual background of this case has been addressed in prior orders of this court and need not be repeated here. On December 11, 2018, the court issued an order granting defendant's motion to dismiss plaintiff's third amended complaint with prejudice. (Doc. No. 89.) On December 26, 2018, plaintiff filed the instant motion, seeking reconsideration of the December 11, 2018 order. (Doc. No. 91.) On January 28, 2019, defendant filed an opposition to the motion for reconsideration. (Doc. No. 93.)

---

[1] On February 21, 2019, the undersigned was advised by the Office of the Circuit Executive for the Ninth Circuit that plaintiff Phillips had filed a complaint of judicial misconduct against the undersigned. This order was drafted prior to the undersigned being so advised, and plaintiff's filing of the judicial misconduct complaint has had no impact on the court's ruling or the analysis embodied in this order.

1

The court construes plaintiff's motion as being brought pursuant to Federal Rule of Civil Procedure 60(b). Rule 60(b)(1) provides that "[o]n motion and upon such terms as are just, the court may relieve a party. . . from a final judgment, order, or proceeding" for "mistake, inadvertence, surprise, or excusable neglect," or "any other reason justifying relief from the operation of judgment." Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rule 60(b)(1)–(5)). The moving party "must demonstrate both injury and circumstances beyond his control." *Id.* (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that in moving for reconsideration of an order denying or granting a prior motion, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted).

In his motion, plaintiff requests reconsideration:

> based on page 11, line 6: "plaintiff appears to concede." Plaintiff does not concede the statute of limitations has elapsed. Defendant did not and has not to date met legal obligations or standards of alleged proper delivery of alleged documents (noting Plaintiff was in Defendants' custody) for telling of statute of limitations. To wit: Plaintiff was never provided with/served with alleged documents on/with such alleged (date stamped or legal standard other) BCNR's decision. Such action is fraud/fraudulently actions and to include by government officers. Plaintiff disputes many to all other Defendant's allegations. Plaintiff's moves and request this Court reconsider Decision/Judgment of December 11, 2018.

(Doc. No. 91.) This is the entirety of plaintiff's argument in support of his motion for

2

1 reconsideration.

2 It appears that plaintiff is contending, for the first time in this litigation, that his challenge
3 to the clemency decision by the Board for Correction of Naval Records ("BCNR") was not time-
4 barred because defendant failed to properly serve the decision on him. First, as the court noted
5 above, a motion for reconsideration "may *not* be used to raise arguments or present evidence for
6 the first time when they could reasonably have been raised earlier in the litigation." *Marlyn*
7 *Nutraceuticals, Inc.*, 571 F.3d at 880. Plaintiff offers no explanation why this argument was not
8 or could not have been raised earlier in the litigation.

9 Second, to the extent that plaintiff argues that defendant failed to properly serve him with
10 the BCNR decision,[2] the relevant statute of limitations is not determined by the date of service in
11 any event. Rather, "an action for correction of records accrues when the correction board *renders*
12 *its decision.*" *Smalls v. United States*, 87 F. Supp. 2d 1055, 1059 (D. Haw. 2000) (emphasis
13 added) (citing cases). As the court explained in its December 11, 2018 order, plaintiff had six
14 years under the Administrative Procedure Act to seek judicial review of the BCNR's decision.
15 (*See* Doc. No. 89 at 10–12.) Because plaintiff filed his complaint more than six years after the
16 BCNR rendered its decision, judicial review of that decision is barred by the applicable statute of
17 limitations.

18 Finally, to the extent that plaintiff seeks reconsideration of the court's determination that
19 he had not established his entitlement to equitable tolling of the applicable statute of limitations,
20 plaintiff still fails to allege facts establishing that application of equitable tolling is warranted
21 here. Plaintiff's alleged non-receipt of BCNR's decision does not alter the court's analysis
22 because "ignorance of the statute of limitations deadline is insufficient to warrant equitable
23 tolling." *United States v. Davis*, No. 2:08-cr-0474 WBS KJN P, 2017 WL 4619784, at *4 (E.D.
24 Cal. Oct. 16, 2017) (citing *Johnson v. United States*, 544 U.S. 295, 311 (2005)); *see also James v.*
25 *Mendoza-Powers*, No. 1:09-cv-00426-AWI-DLB (HC), 2009 WL 2058528, at *4 (E.D. Cal. July

---

[2] As noted in defendant's opposition to the pending motion (Doc. No. 93 at 4 n.1), although plaintiff appears to suggest that he was in defendant's custody at the time the BCNR issued its decision on December 27, 2010, it is undisputed that plaintiff was released from confinement on June 22, 2010. (*See* Doc. No. 52 at ¶ 18.)

14, 2009) ("The generalized assertion that he was unaware of the one-year statute of limitations is insufficient to warrant equitable tolling.") (citation omitted).

In sum, plaintiff has not shown mistake, inadvertence, surprise, or excusable neglect; he has not shown the existence of either newly discovered evidence or fraud; has not established that the judgment is either void or satisfied; and has not presented any other reasons justifying relief from judgment. Moreover, this court's Local Rules require a motion for reconsideration to set forth "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j). Plaintiff has failed to make the required showing. Accordingly, plaintiff's motion for reconsideration (Doc. No. 91) is denied.

IT IS SO ORDERED.

Dated: **February 26, 2019**

_____
UNITED STATES DISTRICT JUDGE